**IT IS ORDERED as set forth below:**

Date: January 23, 2018

_____
Paul Baisier
U.S. Bankruptcy Court Judge

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| In re: | : | CASE NO. 18-50873-PMB |
|---|---|---|
|  | : |  |
| MBP PUBLICATIONS, | : | CHAPTER 11 |
|  | : |  |
| Debtor. | : |  |
| _____ | : |  |

**ORDER DENYING REQUEST TO PAY FILING FEE IN INSTALLMENTS**

This matter is before the Court *sua sponte*. The Debtor named above (the "Debtor") filed this case on January 19, 2018 without paying any portion of the filing fee required by 28 U.S.C. §1930 (the "Filing Fee"). Although the Debtor has not filed any pleadings requesting such relief, the Court understands that when the petition was filed the Debtor requested that the Court permit the Debtor to pay the Filing Fee in installments. This Order addresses that oral request.

This is the Debtor's third (3rd) case in this Court in the past twelve (12) months.[1] The Debtor filed Case No. 17-52446-PMB (the "First Case") under Chapter 7 of title 11, United States Code (the "Bankruptcy Code") on February 7, 2017. On March 3, 2017, Scotty's Thrift Storage ("Scotty's"), which leases (or previously leased) commercial space and multiple storage units (collectively, the "Premises") to the Debtor, filed in the First Case a *Motion for Relief From Automatic Stay* under 11 U.S.C. §362(d) of the Bankruptcy Code, and a *Motion to Dismiss Chapter 7 Case* regarding the First Case. *See* First Case, Docket Nos. 11 and 12. On March 31, 2017, both motions were granted and the First Case was dismissed.

On June 13, 2017, the Debtor filed Case No. 17-60408-PMB (the "Second Case"), again under Chapter 7 of the Bankruptcy Code. On June 15, 2017, Scotty's again filed motions for relief from the stay and to dismiss the case. *See* Second Case, Docket Nos. 6 and 7. This time the motion to dismiss requested dismissal of the Second Case with prejudice. On July 13, 2017, this Court entered an Order granting Scotty's motion to dismiss the Second Case with prejudice. Second Case, Docket No. 18. Pursuant to that Order, the Debtor was prohibited from filing a case under any Chapter of the Bankruptcy Code for one hundred eighty (180) days.

---

[1] The principals of the Debtor, Rodney Daniel and Monique Shantae Hall, have also filed *pro* se individual cases under the Bankruptcy Code with the apparent intention of stopping efforts by Scotty's to retake possession of the Premises. *See In re Rodney Alan Daniel*, Chapter 13 Case No. 17-50574-PMB (filed January 11, 2017 and dismissed January 31, 2017 for failure to pay filing fee, listing Scotty's as his only creditor and listing the commercial space portion of the Premises as his residence on page 2 of the Petition, Docket No. 1); *In re Monique Shantae Hall*, Chapter 7 Case No. 17-57314-PMB (filed April 24, 2017 and dismissed May 26, 2017 for failure to file schedules, listing MBP Publications LLC as a business name she has used in past 8 years and listing the commercial space portion of the Premises as her residence on page 2 of the Petition, Docket No. 1); and, *In re Rodney A. Daniel*, Chapter 13 Case No. 18-50874-PMB (filed January 19, 2018 and currently pending, listing Scotty's as his only creditor, and noting in Part 4 on page 4 of the Petition, Docket No. 1, that property in Scotty's storage units require "immediate attention").

2

The Debtor filed the current case under Chapter 11 of the Bankruptcy Code on January 19, 2018, just after the expiration of the one hundred eighty (180) day period in which it was ineligible to file. The Debtor is a Georgia limited liability company.[2] The Debtor is not an "individual", as that term is used in the Bankruptcy Code.[3] Pursuant to 28 U.S.C. §1930(a), upon the filing of a Chapter 11 case for a debtor that is not a railroad,[4] the debtor must pay a Filing Fee of $1,717. Pursuant to the hanging paragraph at the end of 28 U.S.C. §1930(a), such Filing Fee can be paid in installments if the debtor is an individual. Because this Debtor is not an individual, the Filing Fee cannot be paid in installments but is due upon filing.[5] As a result, it is hereby

**ORDERED** that the oral request of the Debtor to pay the Filing Fee in this case in installments is **DENIED.** And it is further

**ORDERED** that the Debtor shall pay the Filing Fee in full **no later than January 31, 2018, or this case may be dismissed by the Court without further notice or hearing.** Because of the filing history of the Debtor and its principals, **such dismissal may include a**

---

[2] In the First Case and the Second Case the Debtor, using the same Employer Identification Number (61-1723710), listed its name as "MBP Publications, LLC." A review of the web site of the Georgia Secretary of State reveals the existence of an "MBP Publications LLC" that is a Georgia limited liability company with a Rodney Daniel as its registered agent. The Court takes judicial notice of these facts pursuant to Federal Rule of Evidence 201, and finds them admissible under Federal Rules of Evidence 803(8) and 807 to the extent they are otherwise hearsay. As a result, the Court concludes the Debtor in this case is a Georgia limited liability company.

[3] Although not defined in the Bankruptcy Code, an "individual" as used in the Bankruptcy Code is a human being, and an entity created under state law is not an "individual." *See Jove Eng'g, Inc. v. Internal Revenue Service (In re Jove Eng'g, Inc.),* 92 F.3d 1539, 1550-1553 (11th Cir. 1996); *In re JAC Family Found.*, 356 B.R. 554 (Bankr. N.D.Ga. 2006); *see also In re Timber Creek, Inc.,* 1995 WL 17912654 (Bankr. W.D. Tenn. Sept. 8, 1995).

[4] The Debtor did not check the box on its petition in this case indicating that it is a railroad. *See* Docket No. 1, p. 2. From hearings in the Second Case, the Court understands that the Debtor is in the publishing business. If the Debtor was a railroad, the Filing Fee would be $1,550.

[5] To the extent that the Court has discretion under the Bankruptcy Code to permit the payment of the Filing Fee in installments, the Court declines to exercise that discretion in this case in light of the filing history of the Debtor and its principals.

**prohibition on the filing by this Debtor of another case under the Bankruptcy Code for a period of up to one (1) year.**

The Clerk is directed to serve a copy of this Order upon the Debtor, the counsel for Scotty's Thrift Storage who appeared in the First Case and the Second Case, and the United States Trustee.

**[END OF DOCUMENT]**